Curia, per
Richardson, J.
The mere facts of the case have been well disposed of by the verdict. The plaintiff had unquestionable titles from the grantee down to himself, to justify the finding. The objections are to the introduction of the Ordinary’s record book to justify the order for the sale of the grantee’s land, which the plaintiff purchased from the sheriff. The only original paper wanting, was the Ordinary’s citation, and the return of the service, so as to bring the case legally before the Ordinary for judgment in partition. All the original proceedings after citation, were recorded in the record book.
To justify the evidence of the citation, as set out in the record book, the Ordinary swore he had searched for and could not find the original citation, but found the petition for the partition of the land. But the service or return of the citation was not set forth in the Ordinary’s record book. To supply this, as the citation and return on it were not to be found, Hogarth was allowed to prove that he had seen the citation in the hands of Wm. Mulligan, and that he made probate of the service before the witness; not that he had merely heard Mulligan say so. Thos. Manker swore he had also seen the citation in the hands of Mulligan, with his affidavit in the probate annexed; not that he had merely heard him say he had served it; and also, that John Dowling was present when the Ordinary gave the order of sale to the sheriff; and when Dowling objected, but not for want of citation; he claimed the land. Upon this secondary evidence, the Court held both the citation and the service legally proved; and that the Ordinary’s record book proved the subsequent proceedings before him ; the book being itself the original record of such proceedings.
This cannot be questioned. It is equally clear that the citation and probate of service having been lost, the evidence that they once existed, was very competent to supply the loss. The Court can lay down no im *215 perative rule for the introduction of such secondary evidence. All secondary evidence is of itself a departure from the strict rules, from necessity, and must depend upon the infinite variety in the position of cases, where the best evidence has been lost.. But the suppletory proof of this case is full and satisfactory.
The motion is, therefore, dismissed.
We concur. Josiah J. Evans, A. P. Butler.